AO 91 (Rev. 11/11) Criminal Complaint

FILED

MAY 07 2021

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY [signature] DEP CLK

# UNITED STATES DISTRICT COURT

for the

Eastern District of North Carolina

United States of America
v.

Jimmy SPEIGHT Jr.

*Defendant(s)*

Case No. 5:21-mj-1456-RN

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 6, 2021 in the county of Wilson in the Eastern District of North Carolina, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm by a Convicted Felon. |

This criminal complaint is based on these facts:

SEE ATTACHMENT

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Jason Corprew, DEA Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 over the telephone.

Date: May 7, 2021

[signature]
*Judge's signature*

City and state: Raleigh, NC

Robert T. Numbers II, United States Magistrate Judge
*Printed name and title*

AS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Jason Corprew, a Task Force Officer (TFO) duly deputized by the U.S. Drug Enforcement Administration (DEA), United States Department of Justice, being first duly sworn, depose and state under oath as follows:

## AGENT BACKGROUND

1. I, Jason Corprew, a Task Force Officer of the U.S. Drug Enforcement Administration (DEA), am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States who is employed by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. I am currently assigned as a Task Force Officer with the DEA, Atlanta Field Division, Raleigh District Office, and have been so assigned since October 2013. I have been employed with the Wilson Police Department since 2008 as a sworn law enforcement officer. From 2008 to 2009 I was assigned to the Wilson Police Department's patrol division. The Wilson Police Department's patrol division is charged with the responsibility of responding to calls for service and conducting proactive enforcement actions to include, but not limited to, narcotics violations and firearms violations. In May 2009, I was assigned to the Wilson Police Department's Problem Oriented Response Team (PORT). PORT is charged with conducting



AS

proactive law enforcement in designated high crime areas in addition to conducting street level narcotic investigations, vice related crimes, and firearm related crimes. In March 2010, I was assigned to the Wilson Police Department's Narcotics Unit in the capacity of a Narcotics Detective. The Wilson Police Department's Narcotics Unit is charged with the responsibility of investigating large-scale narcotics traffickers in the City of Wilson. In October 2013, I was assigned to the U.S. Drug Enforcement Administration (DEA) in Raleigh, North Carolina as a Task Force Officer (TFO). In March 2020, I was tendered as an expert witness in the field of narcotics and narcotics investigations by Honorable James C. Dever III, United States District Court Judge for the Eastern District of North Carolina.

**PURPOSE OF AFFIDAVIT**

2. I make this affidavit in support of an application for the issuance of a criminal complaint in the matter of Jimmy SPEIGHT, Jr. (SPEIGHT) for possession of a firearm as a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1), in the Eastern District of North Carolina.

3. The facts contained in this affidavit are the product of information provided to me and other law enforcement officers relating to this investigation and based on my own participation in this investigation. Additionally, every facet of this investigation has not been included in this affidavit—only those facts deemed necessary to obtain probable cause.

4. The information contained in this affidavit arises from an ongoing local law enforcement investigation in Wilson County, in the Eastern District of North

Carolina. The investigation is based on a subject, Jimmy SPEIGHT, Jr.; being previously convicted of a felony punishable by imprisonment of more than twelve (12) months, being found in possession of a firearm on May 6, 2021. For the purposes of this affidavit the Agents/TFOs, local law enforcement, and authorized personnel will be referred to as "law enforcement" unless specifically identified.

## FACTS ESTABLISHING PROBABLE CAUSE

5. On October 19, 2020, detectives with the Wilson Police Department applied for and obtained arrest warrants for SPEIGHT for Common Law Robbery and Assault Inflicting Serious Injury. These warrants were obtained pursuant to a separate criminal investigation in Wilson, North Carolina. Upon securing the arrest warrants, officers of the Wilson Police Department attempted to locate and arrest SPEIGHT on numerous occasions; however, officers learned that SPEIGHT was aware of his active arrest warrants and was actively evading law enforcement.

6. On May 6, 2021, while in his official capacity, Wilson Police Detective B. Woodard[1] was conducting surveillance at a convenience store, Jubair, located at 725 Tarboro Street, Wilson, NC 27893[2]. Detective B. Woodard was conducting surveillance of this location due to an influx of criminal activity occurring at this location as well as the location being a common place for validated gang members to congregate. Detective B. Woodard observed a silver Nissan Altima displaying North

---

[1] Detective B. Woodard is a Wilson Police Department Gang Detective and familiar with the offender in this instance, SPEIGHT. SPEIGHT's gang validation is discussed further herein.
[2] A City of Wilson overt surveillance camera is positioned at this location due to an influx of criminal activity. This surveillance camera captured, in part, the investigation and arrest of SPEIGHT.



AS

Carolina registration TDD-1631[3] at the Jubair's gas station. Detective B. Woodard also observed SPEIGHT operating this vehicle and observed SPEIGHT exit this vehicle wearing a white T-shirt and white shorts with red and black writing. Detective B. Woodard being familiar with SPEIGHT and familiar with SPEIGHT's active warrants for his arrest requested additional units in an attempt to take SPEIGHT into custody.

7. Wilson Police Officer Hine arrived on scene to assist Detective Woodard. SPEIGHT had now observed law enforcement's presence and fled on foot from the gas station toward Dewey Street, Wilson, North Carolina. Officer Hine and Detective Woodard pursued SPEIGHT through the surrounding area of 725 Tarboro Street, Wilson, North Carolina, which is a residential community. Officer Hine and Detective Woodard ultimately apprehended and detained SPEIGHT at 203 Dewey Street, Wilson, North Carolina 27893. During the pursuit, the officers observed SPEIGHT to be running with his right hand inside his pocket. Based on the officers' training and experience, SPEIGHT's hand placement indicated HE was attempting to discard and/or use at a safe, inconspicuous, or advantageous time, the contents of the pocket. During the foot pursuit, Officer Hine was equipped with a body-worn camera capable of capturing audio and visual recordings. This recording is maintained by the Wilson Police Department.

8. Law enforcement conducted a search of SPEIGHT's person incident to his arrest and located a Smith and Wesson Shield 9mm handgun, bearing serial

[3] According to the North Carolina Department of Motor Vehicles, North Carolina registration TDD-1631 is registered to Roselind Farmer of 310 Hackney Street, Wilson, NC 27893.

number LEL5936, in SPEIGHT's right front pocket. Officers observed the firearm to have a magazine inserted into the firearm with seven (7) rounds of ammunition in the magazine and one (1) round of ammunition in the chamber. Investigators determined this firearm was previously reported stolen by a resident of Fayetteville, North Carolina, as documented in Fayetteville Police Department incident report 20-019719.

9. Following SPEIGHT's arrest, officers placed SPEIGHT in a recorded interview room at the Wilson Police Department. SPEIGHT was advised his Miranda Warnings and SPEIGHT agreed to speak with law enforcement. During the interview, investigators asked SPEIGHT whether the Smith & Wesson firearm would possess HIS fingerprints and SPEIGHT replied, "[i]f the gun was in my pocket, I'm pretty sure it would."

10. A search of SPEIGHT in law enforcement databases shows that SPEIGHT has a listed address of 314 Hackney Street, Wilson, North Carolina 27893. SPEIGHT also shows gang validation files input by the Pitt County Sheriff's Office and Wilson County Sheriff's Office both indicating that SPEIGHT is an active gang member. An examination of the Wilson Police Department gang validation files shows that SPEIGHT was originally a validated blood gang member under the subsidiary of Vick Street however converted to being a Crip gang member and member of the 83rd Street gang, a subsidiary of the Crips.

11. On June 10, 2013, SPEIGHT was arrested for Sell/Deliver Cocaine by the Wilson Police Department. On July 7, 2014, SPEIGHT was found guilty of

Sell/Deliver Cocaine in Wilson County Superior Court, 2013CRS052308. As a result of the conviction, SPEIGHT was subjected to incarceration in the North Carolina Department of Corrections for 17-30 months. It should be noted that SPEIGHT was on probation at the time of this conviction.

12. It should be noted that SPEIGHT has been charged with a multitude of other charges including but not limited to firearms related charges and violent charges that have been dismissed, pending, or otherwise disposed of in the North Carolina state court system.

13. I consulted with ATF Special Agent John Griffin, ATF Interstate Nexus Examiner, and provided S/A John Griffin a description of the Smith and Wesson Shield 9mm handgun, bearing serial number LEL5936. Based on his training and experience, S/A John Griffin stated that the above is a firearm, as defined in Title 18, United States Code, Section 921(a)(3), and that the firearm was manufactured outside of North Carolina, and therefore traveled in and/or affected interstate and/or foreign commerce prior to being possessed by SPEIGHT.

[Remainder of page intentionally left blank]

## CONCLUSION

14. Based on the forgoing investigation, I have probable cause to believe and do believe that on or about May 6, 2021, in the Eastern District of North Carolina, Jimmy SPEIGHT Jr. possessed a firearm affecting interstate commerce despite knowing, or having reasonable cause to believe, HE had been convicted of a crime punishable by more than 12 months, in violation of Title 18, United States Code, Section 922(g)(1). Accordingly, I believe there is probable cause for the issuance of this criminal complaint and the arrest of Jimmy SPEIGHT Jr.

Respectfully submitted,

Jason Corprew
Task Force Officer
Drug Enforcement Administration (DEA)

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the affiant appeared before me via reliable electronic means, was placed under oath, and attested to the contents of this written affidavit.
Dated: May 7, 2021

Robert T. Numbers, II
United States Magistrate Judge

AS